Bernice W. AHRENDT, et al.,
Plaintiffs,

v.

PALMETTO FEDERAL SAVINGS AND
LOAN ASSOCIATION, et al.,
Defendants.

No. C–3–84–844.

United States District Court,
S.D. Ohio, W.D.

Aug. 10, 1987.

Irving I. Saul, Dayton, Ohio, for plaintiffs.

Scot A. Stone, Dayton, Ohio, for plaintiffs-intervenors.

Nicholas C. Hollenkamp, Dayton, Ohio, for defendant Palmetto Federal Sav.

James R. Betts, Tampa, Fla., for defendant Harris Brady Corp.

Jon M. Sebaly, Dayton, Ohio, for defendant Harris Brady Corp.

DECISION AND ENTRY OVERRULING: (1) DEFENDANT HARRIS BRADY CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, ALTERNATIVELY, MOTION FOR CHANGE OF VENUE (DOC. # 19), (2) DEFENDANT PALMETTO FEDERAL SAVINGS AND LOAN ASSOCIATION'S MOTION TO DISMISS (DOC. # 15), AND (3) DEFENDANT PALMETTO FEDERAL SAVINGS AND LOAN ASSOCIATION'S MOTION TO DISMISS COMPLAINT OF INTERVENORS ROBERT D. STEIGER AND MARJORIE STEIGER OR IN THE ALTERNATIVE, FOR A CHANGE OF VENUE (DOC. # 81)

RICE, District Judge.

This case is before the Court on three Motions:

1. Defendant Harris Brady Corporation's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion for Change of Venue (Doc. # 19), which argues that this Court lacks *in personam* jurisdiction over Harris Brady, that venue of this case is not proper in this Court and that the Plaintiffs' process and service of process upon Defendant Harris Brady were insufficient;

2. Defendant Palmetto Federal Savings and Loan Association's Motion to Dismiss (Doc. # 15), which argues that the Court lacks *in personam* jurisdiction over Defendant Palmetto, that venue is not proper in this Court, that Plaintiff's process and service of process upon Defendant Palmetto are insufficient, that Plaintiffs' original Complaint fails to state a claim against Palmetto upon which relief can be granted and that Plaintiffs have failed to join indispensible parties needed for just adjudication under Federal Rule of Civil Procedure 19; and

3. Defendant Palmetto Federal Savings and Loan Association's Motion to Dismiss Complaint of Intervenors Robert D. Steiger and Marjorie Steiger or in the Alternative, for Change of Venue (Doc. # 81), which argues that the Court lacks *in personam* jurisdiction over Defendant Palmetto for purposes of the Intervenor's Complaint, that venue is not proper in this Court and that the Intervenor's process and service of process upon Palmetto were insufficient.

The Court will consider Defendants Palmetto's and Harris Brady's *in personam* jurisdiction, venue and service of process arguments together, in that order, and then will turn to Palmetto's arguments that Plaintiffs have failed to state a claim upon which relief can be granted and to join indispensible parties.

A. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the investment of the Plaintiffs and others in two limited partnerships formed for the purpose of building condominiums in Florida. Frank J. Hoffer, Jr. (added as a Defendant in this case by Plaintiffs' Amended Complaint (Doc. # 90)) was the general partner in each of these partnerships. With the assistance of Defendant Harris Brady Corporation, a loan broker, Mr. Hoffer arranged

for financing of the condominium project through Defendant Palmetto Federal Savings and Loan Association. As part of that loan arrangement, Plaintiffs signed individual guarantees for the loan. Defendant Palmetto claims that each individual Plaintiff signed a guarantee for $4,565,000, the total amount of the project. Plaintiffs assert, however, that each of them believed that he or she was signing a guarantee only for $60,900, the amount of his or her proportionate share of the project, and that the guarantees for $4,565,000 relied upon by Palmetto were the result of a complex conspiracy of forgery and fraud on the part of the Defendants which involved the switching of attachments to the guarantee form.

Plaintiffs filed their original Complaint in this action on October 10, 1984. Defendant Palmetto filed its Motion to Dismiss on December 12, 1984, and Defendant Harris Brady filed its Motion to Dismiss or Alternatively for Change of Venue on January 16, 1985. An oral hearing on these Defendants' motions was held on Friday, December 27, 1985, at which time Plaintiffs were granted leave to pursue discovery with respect to the issue of personal jurisdiction. At the close of that period of discovery, which lasted roughly ten months, Plaintiffs and the Defendants filed additional memoranda with respect to these motions. On December 2, 1986, Robert D. Steiger and Marjorie Steiger were granted leave to intervene as plaintiffs in this action. Defendant Palmetto thereupon filed a Motion to Dismiss these intervening Plaintiffs' Complaint. Finally, on April 23, 1987, the original Plaintiffs herein filed an Amended Complaint which, *inter alia*, added Mr. Hoffer and Mr. Frank R. Dobson III, an employee of Palmetto Federal Savings and Loan, as Defendants in this action.

## B. IN PERSONAM JURISDICTION AND SERVICE OF PROCESS

Turning first to Defendants Palmetto and Harris Brady's arguments that Plaintiffs' Complaint as against them should be dismissed for lack of *in personam* jurisdiction and insufficient service of process, the Court initially notes that these Defendants'

service of process arguments are based entirely upon the alleged lack of *in personam* jurisdiction of this Court. Thus, if the Court finds that it has *in personam* jurisdiction, Defendants' service of process arguments will likewise fail. Accordingly, the Court will not discuss Defendants' service of process arguments apart from the examination of the *in personam* jurisdiction issue.

In determining whether *in personam* jurisdiction may be had over the Defendants, the Court must determine whether the relevant actions of the Defendants fall within any pertinent section of the Ohio long arm statute, O.R.C. § 2307.382. Plaintiffs and Plaintiff–Intervenors have suggested that this section provides two possible bases upon which long arm jurisdiction might be exercised over Defendants Harris Brady and Palmetto in this case:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state; [or]

. . . .

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would have been injured thereby in this state....

For purposes of determining whether any of the bases of long arm jurisdiction in Ohio statute provides sufficient contact between a non-resident defendant and the forum state so as to bring the exercise of *in personam* jurisdiction within constitutional limitations, the Sixth Circuit has developed a three part test:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the

forum state to make the exercise of jurisdiction over the defendant reasonable. *Welsh v. Gibbs*, 631 F.2d 436, 440 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981); *In-Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir.1972).

■ Applying this test to the facts set forth in the affidavits and depositions filed by the parties, the Court must first conclude that there are insufficient contacts between Defendants Harris Brady and Palmetto and Ohio to support the exercise of long arm jurisdiction under the "transacting business" section of the Ohio statute (subsection (A)(1)). In concluding that neither Palmetto nor Harris Brady were transacting business in Ohio, the Court notes that there is no evidence in the record by way of affidavit or deposition that either of these Defendants solicited business in Ohio by advertising or any other means. The initial contact with each of these Defendants was made by Mr. Hoffer in Florida. There is no evidence of either Defendant engaging in any other business transactions in the state of Ohio other than those complained of by Plaintiffs. Thus, the only events upon which the Court could find that these Defendants were transacting business in Ohio were, with respect to Palmetto, the receipt of a phone call by Defendant Palmetto's agent, Mr. Dobson, from one Plaintiff, Dr. Martin LeBoeuf, and, with respect to Harris Brady, the mailing of several correspondences and the placement of several phone calls to Mr. Hoffer, while he was in Ohio. Quite simply, these isolated contacts with persons in Ohio do not rise to the level of "transacting business," and the Court therefore cannot find that these acts had "a sustantial enough connection with the forum state to make the exercise of jurisdiction over the Defendant[s] reasonable." *Welsh*, 631 F.2d at 440.

■ On the other hand, when these acts of Defendants Palmetto and Harris Brady are considered in the context of whether they constituted the causing of tortious injury to a person or persons in Ohio by an act outside Ohio committed with the purpose of injuring such persons, the Court finds that a substantial enough connection with Ohio has been established to make the exercise of *in personam* jurisdiction reasonable (subsection (A)(6)). Assuming the substantive claims of Plaintiffs' Complaint as true (which the Court must do for purposes of motions to dismiss since discovery has been limited to the issue of what contacts between Defendants and Ohio exist such as could support the exercise of *in personam* jurisdiction), the Court must find that the alleged acts of Defendants Palmetto and Harris Brady were done with the purpose of injuring persons by causing them tortious injury (i.e. defrauding them) and that, given that most of the investors were known to live in Ohio, Defendants might reasonably have expected that most of the persons injured (i.e. defrauded) would be injured in Ohio. Applying *Welsh v. Gibbs* in the context of O.R.C. § 2307.382(A)(6) to the facts presented in this case (and with the allegations of Plaintiffs' Amended Complaint and Plaintiff–Intervenors' Amended Complaint assumed as true), the Court first notes that Defendants Palmetto and Harris Brady, by their alleged conspiracy to defraud the Plaintiffs and by the telephone and mail communications made in order to carry out that alleged conspiracy, did cause injury (i.e., a consequence) in Ohio. Moreover, the Court notes that this consequence (i.e., the alleged defrauding of Plaintiffs) arose directly from these allegedly wrongful out-of-state activities. Finally, the Court finds that these acts of the Defendant had a connection with Ohio sufficiently substantial to make the exercise over Defendants Palmetto and Harris Brady reasonable. Specifically, the Court notes that the representation of Mr. Dobson, Palmetto's agent, to Dr. LeBoeuf that the guarantees signed were only for each investor's individual share of the condominium project loan was central to the success of the alleged scheme to defraud the Plaintiffs. Had Mr. Dobson not represented to Dr. LeBoeuf during LeBoeuf's phone call from Ohio that each Plaintiff was only guaranteeing his or her individual share of the bank's loan, the alleged scheme to defraud the Plaintiffs

would presumably have failed at that point, since Dr. LeBoeuf and his co-Plaintiffs assert that they would have declined to sign the guarantees. Similarly, the telephone communications and correspondences, including the mailing of the guarantee forms, from Harris Brady to Mr. Hoffer were crucial to the success of the alleged scheme to defraud Plaintiffs. Had those materials not been provided to Mr. Hoffer, the documents upon which the alleged conspiracy to defraud was based could never have been passed on to Plaintiffs, and no fraud could have occurred. Accordingly, the Court must find that the affidavits and depositions presented by Plaintiffs have met the burden of showing that *in personam* jurisdiction exists over Defendants Palmetto and Harris Brady under O.R.C. § 2307.382(A)(6) and the constitutional limitations on such jurisdiction. The Court therefore overrules the *in personam* jurisdiction and service of process branches of Defendants' motions.

## C. VENUE

■ Venue in this action is governed by the provisions of 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Since from the face of Plaintiffs' Amended Complaint (Doc. #90) it is evident that none of the Defendants reside in this district, venue is proper with this Court only if the claims of the Plaintiffs arose within the district. Paragraph 25(k) of the Amended Complaint alleges that Defendant Hoffer "either in or from Ohio distributed" the guarantee forms which were the basis of the alleged conspiracy to defraud the Plaintiffs, and that he requested "that the same be signed and notarized and readied for him to pick up in Ohio or forwarded to his office in Ohio...." These acts of distribution and collection of the guarantee forms are sufficiently central to Plaintiffs' claims for the Court to find that Plaintiffs' causes of action arose in this district. According-

ly, the venue branches of Defendants' motions are overruled.

## D. FAILURE TO STATE A CLAIM

Defendant Palmetto also argues that Plaintiffs' securities claims fail to state claims upon which relief can be granted because Plaintiffs were never offered any "security" by Defendants within the meaning of federal securities laws. In ruling upon this argument, the Court initially notes "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In other words, the Court may find that Plaintiffs have failed to state claims upon which relief can be granted with respect to their federal securities law claims only if after accepting all of the allegations of Plaintiffs' Amended Complaint as true and drawing all inferences therefrom in favor of the Plaintiffs, no possible basis exists as a matter of law under which the acts of Defendants could constitute violations of these security laws.

■ In support of its failure to state a claim argument, Defendant Palmetto asserts that even assuming *arguendo* the purchase of an interest in the limited partnerships' condominiums constituted the purchase of a "security," Palmetto itself participated only in the commercial loan to those partners long after those "securities" had been purchased. While an interest in a limited partnership in a condominium development can constitute a "security" within the meaning of federal securities laws, *see, e.g., Offers and Sales of Condominiums or Units in a Real Estate Development*, Exchange Act Release No. 33–5347, 38 Fed.Reg. 1735 (Jan. 4, 1973), a pledge of a security serving as collateral for a commercial bank loan does not constitute a sale of securities within the meaning of federal securities laws, *see McClure v. First National Bank of Lubbock, Texas*, 497 F.2d 490 (5th Cir.1974). In the present case, Plaintiffs allege that at the time they signed the loan guarantees required by De-

fendant Palmetto, they were required to pay additional capital into the condominium project. Accepting of Plaintiffs' allegations as true and drawing all inferences therefrom in favor of Plaintiffs, the Court cannot find that this payment of additional capital could not have constituted the purchase of a security at the time the bank's guarantee forms were signed. In other words, taking the allegations that Plaintiffs entered the condominium dealings for investment purposes, that the signing of Palmetto's guarantees was part of a complex conspiracy to defraud Plaintiffs and that Plaintiff paid additional capital into the scheme at the time of signing the guarantees, together, the Court cannot conclude as a matter of law that Palmetto was not involved in the sale of securities to the Plaintiffs. While the transactions directly involving Palmetto may have been, as Palmetto suggests, merely commercial loans secured by the pledge of "securities" in the limited partnerships, the Court cannot find it impossible that these transactions (in which the Plaintiffs allegedly paid additional capital) constituted the sale of entirely new securities. Accordingly, while the Court is aware that discovery in this action may prove such a theory baseless, and thus that a motion for summary judgment on this issue by Defendant Palmetto might eventually be well taken, it must overrule that branch of Defendant Palmetto's Motion to Dismiss which argues that Plaintiffs have failed to state a claim for violation of federal securities laws in their Amended Complaint.

### E. INDISPENSIBLE PARTIES

 Defendant Palmetto in its Motion to Dismiss has also argued, pursuant to Rule 12(b)(7), that Plaintiffs have failed to join Frank J. Hoffer, Jr. and the limited partnerships of Marina Cove, Ltd. and Marina Town, Ltd. even though those parties are necessary or indispensible under Rule 19. Initially, the Court notes that Defendants' motion with respect to the joinder of Mr. Hoffer is moot, since Plaintiffs' Amended Complaint adds him as a Defendant. Moreover, in the record now before the Court and the Plaintiffs' Amended Complaint,

there is nothing to suggest that the limited partnerships of Marina Cove and Marina Town are anything more than empty shells whose presence in this litigation would serve no purpose, particularly in light of the fact that the general partner of each (Hoffer) is now a Defendant. If, however, after discovery, Defendant Palmetto finds facts to the contrary, it may renew its Motion for Joinder of the limited partnerships. At this time, however, Defendant Palmetto's Motion to Dismiss insofar as it is based on the absence of these allegedly indispensible parties is overruled.

In sum, the Court finds that it can properly exercise *in personam* jurisdiction over Defendants Palmetto and Harris Brady, that service of process upon these Defendants was not insufficient, and that venue of this action is proper in this Court. The Court further finds that Plaintiffs' Amended Complaint does not fail to state a claim upon which relief can be granted with respect to its claims under federal securities laws (although Defendant Palmetto's argument with respect to this issue might ultimately provide a basis for summary judgment as to those claims) and that Defendants' argument that Plaintiffs have failed to join indispensible parties in this action is moot in part and not well taken with respect to the limited partnerships Marina Cove and Marina Town. Accordingly, Defendant Palmetto Federal Savings and Loan Association's Motion to Dismiss (Doc. # 15) and Motion to Dismiss or, in the Alternative, for a Change of Venue, the Complaint of Intervenors Robert D. Steiger and Marjorie Steiger (Doc. # 81) *and* Defendant Harris Brady Corporation's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion for Change of Venue (Doc. # 19) are, each in their entirety, overruled.